IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KRISTIN KINNEY,**            CASE NO. 3:22 CV 1125

    Plaintiff,

    v.            JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.            **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Kristin Kinney seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 9). Plaintiff filed objections to the R&R (Doc. 10), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in October 2020, alleging a disability onset date of November 26, 2015. *See* Tr. 13. Following the administrative process, an administrative law judge ("ALJ") ultimately issued a written decision on February 10, 2022, finding Plaintiff not disabled. (Tr. 13-27). This appeal followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision – that the ALJ failed to properly account for all of the opinions provided by the state agency mental health reviewing

experts despite finding their opinions persuasive. (Doc. 7). Specifically, she argued the ALJ failed to explain why he did not include in the RFC reviewing physician Dr. Akanksha Dutt's opinion that Plaintiff "retains the ability to complete tasks . . . in a setting where there is some flexibility as to the scheduling of breaks." (Tr. 124).

In her R&R, Judge Armstrong concluded the ALJ did not err in not including in Plaintiff's RFC a limitation to work permitting a flexible break schedule. She recommends the Court affirm the Commissioner's decision. *See* Doc. 9.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises a single objection to the R&R. As she did to the Magistrate Judge, Plaintiff argues that because the ALJ found Dr. Dutt's opinion persuasive and did not include a limitation regarding flexible scheduling of breaks in the RFC, the ALJ was obligated to specifically explain the reasoning for omitting such a limitation. *See* Doc. 10, at 3 ("The ALJ made i[t] indisputably clear that this specific limitation was persuasive . . . The ALJ had a duty to account for that opinion. The ALJ did not. The ALJ's silence on why this persuasive limitation was omitted leaves the ALJ's decision unreviewable.").

At the outset, the Court observes:

> A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.

*VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Plaintiff generally presents the same argument to this Court that she presented to the Magistrate Judge. Although she clearly disagrees with the Magistrate Judge's resolution of that argument, other than arguing that her case is distinguishable from those cited by the Magistrate Judge and repeating her argument the ALJ's opinion does not create a logical bridge to its conclusion, she does not identify a specific error in the Magistrate Judge's analysis.

Moreover, on *de novo* review, the Court agrees with the Magistrate Judge's analysis and resolution of the issue presented.

---

1. Neither party objects Judge Armstrong's summary of the record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

In brief, the initial state agency reviewing psychologist in this case (Dr. Christi Bruening) offered various mental limitations, including that Plaintiff could (1) understand and remember simple and detailed instructions requiring initial learning periods, usually 60 days or less; (2) carry out simple instructions for two-hour segments over an eight-hour workday, five days per week; (3) tolerate contact with supervisors/coworkers in a public setting; and (4) adapt to the expected and familiar changes and pressures of a routine work setting. (Tr. 106). The reviewing state agency psychologist (Dr. Dutt) largely adopted these limitations, but also stated, *inter alia*, that Plaintiff "retains the ability to complete tasks without a sustained production pace or stringent daily quota and in a setting where there is some flexibility as to the scheduling of breaks." (Tr. 124). It is this "flexible break" limitation at issue here.

In addressing the state agency psychologist opinions, the ALJ said:

> State agency psychological consultants opined that the claimant was able to understand and remember simple and detailed instructions requiring initial learning periods, usually 60 days or less, carry out simple instructions for two-hour segments; tolerate contact with supervisors/coworkers in a public setting; and adapt to expected and familiar changes and pressures of a routine work setting (Ex. C3A). At reconsideration, it was opined that she was able to complete tasks without a sustained production pace or stringent daily quota, in a setting where there is some flexibility in scheduling of breaks; could adapt and manage in a structured and predictable work setting, where major changes are explained in advance and she is given time to adjust to new expectations (Ex. C7A). These opinions are generally consistent with and supported by the record as a whole, and are found persuasive.

(Tr. 24-25).

First, "[n]othing obligates an ALJ to make the leap from 'persuasive' to 'controlling.'" *Hines v. Comm'r of Soc. Sec.*, 2021 WL 1571659, at *3 (N.D. Ohio) (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (noting an ALJ is not required to adopt medical opinions wholesale, even where the ALJ gives an opinion "great weight")); *see also Hogan v.*

4

*Comm'r of Soc. Sec.*, 2021 WL 4477786, at *4 (N.D. Ohio) ("[T]here is no requirement that, once finding an opinion persuasive, the ALJ must adopt the whole opinion.").

Second, as the R&R explained, Courts in this District have found that to determine whether an ALJ erred in omitting a limitation (or failing to explain an omitted limitation), the question is "whether the medical evidence compels a specific, concrete restriction on the claimant's ability such that the ALJ was required to include it in the residual functional capacity or explain its omission." *Kreilach v. Comm'r of Soc. Sec.*, 621 F. Supp. 3d 836, 844 (N.D. Ohio 2022) (citing, *inter alia*, *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016)). The single state agency reviewing psychologist's opinion that Plaintiff could complete tasks "in a setting where there is *some flexibility as to the scheduling of breaks*" (Tr. 124) is not such a limitation. "Some flexibility" is neither specific nor concrete.

The Court agrees with the R&R's analysis that this case is like *Kreilach*. There, the court explained: "In *Reeves*, the court held that the ALJ did not err by omitting a limitation because only one of the two State agency consultants described the limitation and the limitation lacked substantial support elsewhere in the record—even though the ALJ accorded great weight to the consultant's opinion and found that it was supported by the record as a whole." *Kreilach*, 621 F. Supp. 3d at 843 (citing *Reeves*, 618 F. App'x at 275). In *Kreilach*, one state agency psychologist opined the plaintiff "may require occasional flexibility for shifts and breaks due to symptoms fluctuation." *Id.* at 845. The court noted that other courts have found such limitations not sufficiently concrete such that they needed to be included in the RFC or their omission explained. *Id.* at 845-46 (citing *Scott v. Saul*, 2020 WL 2393155, at *3 (N.D. Ohio); *Overstreet v. Saul*, 2021 WL 5017754, at *15 (N.D. Ohio)). The Court in *Kreilach* also observed that (1) only one of the two state agency reviewing psychologists offered the flexible break opinion; and (2) "Plaintiff

5

does not identify medical evidence that compels the inclusion of an additional limitation about flexibility." *Id.* at 846. The same is true here – only one reviewing psychologist offered the at-issue opinion, and Plaintiff has not identified evidence suggesting such a limitation is supported by the evidence of record (or that the omission thereof is error). The Court agrees with the R&R's analysis that an opinion that Plaintiff could "complete tasks . . . in a setting where there is some flexibility as to the scheduling of breaks" (Tr. 124) is not sufficiently specific or concrete "such that the ALJ was required to include it in the residual functional capacity or explain its omission." *Kreilach*, 621 F. Supp. 3d at 844. This is so even though the ALJ summarized Dr. Dutt's opinion and stated he found it "persuasive". *Cf. id.* at 846 (finding there was no requirement to explain omission of flexibility opinion even where "the ALJ . . . quoted verbatim the opinion regarding flexibility in his summary of [the physician's] opinion").

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 9) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE